IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN SIMPSON, ) | |
| ) | CIVIL ACTION NO. 3:21-cv-192 |
| Plaintiff, ) | |
| ) | JUDGE KIM R. GIBSON |
| v. ) | |
| ) | |
| W.L. GORE & ASSOCIATES, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM ORDER

I.  **Background**

This matter is referred to Magistrate Judge Maureen P. Kelly ("Judge Kelly") for proceedings in accordance with the Magistrates Act, 28 U.S.C. Section 636, and Local Civil Rule 72.

On August 2, 2022, the Court received Plaintiff John Simpson's ("Mr. Simpson") Amended Complaint. (ECF No. 27). Mr. Simpson advances claims against the following Defendants under various provisions of the United States Constitution, the Pennsylvania State Constitution, Pennsylvania state tort law, and the Americans with Disabilities Act ("ADA"): (1) sixteen (16) unnamed Defendants (the "John/Jane Doe Defendants"); (2) Barry Smith ("Mr. Smith"), the Facility Manager at Pennsylvania's State Correctional Institution at Houtzdale ("SCI Houtzdale"); (3) John Wetzel ("Mr. Wetzel"), the Secretary of the Office of General Counsel for the Pennsylvania Department of Corrections ("DOC"); (4) Tom Wolf, former Governor of the Commonwealth of Pennsylvania ("Governor Wolf"); (5) the Commonwealth of

-1-

Pennsylvania; (6) W.L. Gore & Associates, Inc. ("W.L. Gore"); (7) Tyler Memorial Hospital; and (8) Geisinger Wyoming Valley Medical Center. (ECF Nos. 27, 28, 30).

On August 25, 2022, Judge Kelly recommended that Mr. Simpson's claims against the John/Jane Doe Defendants, W.L. Gore, Tyler Memorial Hospital, and Geisinger Valley Medical Center (the "Medical Defendants") be dismissed with prejudice because they are barred by the relevant statute of limitations. (ECF No. 30 at 7–9). Further, Judge Kelly recommended that Mr. Simpson's claims under the Pennsylvania Constitution be denied "to the extent that [he] seeks monetary relief" because "'neither Pennsylvania statutory authority, nor appellate case law has authorized the award of monetary damages for a violation of the Pennsylvania Constitution.'" (*Id.* at 9–10) (quoting *Jones v. City of Phila.*, 890 A.2d 1188, 1208 (Pa. Commw. Ct. 2006)). Finally, Judge Kelly recommended that Mr. Simpson's federal constitutional and ADA claims against Mr. Smith, Mr. Wetzel, Governor Wolf, and the Commonwealth of Pennsylvania not be screened at this time, but rather be permitted "to proceed … without prejudice to these Defendants responding thereto in any manner permitted by the Federal Rules of Civil Procedure and Local Civil Rules of this Court." (*Id.* at 10).

Lastly, Judge Kelly explained that the parties were "permitted to file written objections [to the Report and Recommendation] in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation[,]" and that the failure "to timely file objections will waive the right to appeal." (*Id.* at 11).

On September 6, 2022, Mr. Simpson filed timely Objections to the Report and Recommendation. (ECF No. 31). Mr. Simpson's lone dispute with the Report and

Recommendation is his assertion that equitable tolling applies in this case, and that on the basis of that doctrine, his claims are not barred by the relevant statute of limitations. (*See* ECF No. 31). Specifically, he asserts that he is "illiterate and intellectually-disabled[.]" (*Id.* at 2). Moreover, he avers in an exhibit to his Amended Complaint that because of the COVID-19 pandemic, the "prison law library was closed and the entire prison on lockdown from April 8, 2020, until June 8, 2021[.]" (ECF No. 28 at 7).[1]

As the Court explains below, it finds this objection unavailing.

II. **Analysis**

As Judge Kelly indicated in her Report and Recommendation, based on the allegations in Mr. Simpson's Amended Complaint, "it appears he had discovered his alleged injuries at the hands of [the Medical Defendants] no later than January [31], 2017." (ECF No. 30 at 8); (ECF No. 28 at 1–6). Further, Pennsylvania's two-year statute of limitations applies to Mr. Simpson's claims against the Medical Defendants under the United States Constitution, Pennsylvania state tort law, and the ADA. (ECF No. 30 at 7–8); *see also* 42 PA. CONS. STAT. § 5524; *Tearpock-Martini v. Borough of Shickshinny*, 756 F.3d 232, 235 (3d Cir. 2014) (applying Pennsylvania's two-year statute of limitations to a Section 1983 claim); *Disabled in Action of Pa. v. SE Pa. Transp. Auth.*, 539

---

[1] The Court notes that in Mr. Simpson's Objections, he states that, generally speaking, he only had "sporadic access to [the] law library[.]" (ECF No. 31 at 2). However, Mr. Simpson has cited no Pennsylvania caselaw holding that sporadic access to the law library is a sufficient basis for tolling a statute of limitations. (ECF No. 31). Further, numerous federal "courts have recognized that difficulties attendant to prison life, such as solitary confinement, restricted access to the law library and an inability to secure court documents, are routine restrictions of prison life and do not qualify as 'extraordinary circumstances' warranting equitable tolling." *United States v. Green*, No. 07-CR-271, 2013 WL 606341, at *3 (W.D. Pa. Feb. 19, 2013) (collecting cases). Therefore, the Court finds that Mr. Simpson's allegedly sporadic access to the law library is not a sufficient basis upon which to toll the statute of limitations.

F.3d 199, 208 (3d Cir. 2008) ("Title II of the ADA … [does not include] an express statute of limitations. [Therefore, because it was] enacted prior to the default four-year statute of limitations for federal statutes, *see* 28 U.S.C. § 1658, we borrow the statute of limitations of the most analogous state law cause of action[,]" which the parties did not dispute was Pennsylvania's two-year statute of limitations.). Therefore, Mr. Simpson had until January 31, 2019, to file his claims against the Medical Defendants. Because Mr. Simpson did not file his claims by that date, they are time-barred, unless he can show that equitable tolling operates to preserve them.[2]

### A. Mr. Simpson's Claims Against the Medical Defendants Are Untimely Under Pennsylvania Law

---

[2] At this point, the Court finds that it is appropriate to dismiss all of Mr. Simpson's claims against the Medical Defendants under the Pennsylvania Constitution with prejudice. As Judge Kelly explained, Mr. Simpson cannot advance a claim for monetary damages under the Pennsylvania Constitution. (ECF No. 30 at 9–10); *Pocono Mountain Charter Sch. v. Pocono Mountain Sch. Dist.*, 442 F. App'x 681, 687 (3d Cir. 2011).

Further, although equitable remedies are available under the Pennsylvania Constitution, *Pocono Mount Charter Sch.*, 442 F. App'x at 688, it does not appear to the Court that Mr. Simpson is advancing a request for such relief as against the Medical Defendants. (ECF Nos. 27, 28). Indeed, as the Court noted earlier, Judge Kelly: (1) noted that monetary damages are unavailable under the Pennsylvania Constitution, (2) did not construe Mr. Simpson as bringing claims for equitable relief as against the Medical Defendants under the Pennsylvania Constitution, and (3) recommended dismissing all of Mr. Simpson's claims against the Medical Defendants. (ECF No. 30). In short, Judge Kelly concluded that Mr. Simpson is not seeking equitable relief against the Medical Defendants under the Pennsylvania Constitution. Yet, in his Objections, Mr. Simpson did not argue that he had in fact brought claims for equitable relief as against the Medical Defendants under the Pennsylvania Constitution. (ECF No. 31). Therefore, the Court concludes that he is not seeking equitable relief under the Pennsylvania Constitution as against the Medical Defendants.

Accordingly, the Court dismisses Mr. Simpson's claims against the Medical Defendants under the Pennsylvania Constitution (as well as any monetary claim against any other Defendant under the Pennsylvania Constitution) with prejudice. Moving forward, the Court will only concern itself with Mr. Simpson's claims against the Medical Defendants under the United States Constitution, Pennsylvania state tort law, and the ADA.

Because "state law generally governs tolling and its effects," *Tearpock-Martini*, 756 F.3d at 235, the Court first considers whether Pennsylvania law permits tolling of the statute of limitations with respect to Mr. Simpson's claims against the Medical Defendants.

Mr. Simpson offers no citation to Pennsylvania law indicating that his claims are timely because of the doctrine of equitable tolling. (ECF No. 31). And indeed, courts "applying Pennsylvania law have consistently stated that the statute of limitations runs against persons under a disability, including one who is mentally incompetent.'" *Seto v. Willits*, 638 A.2d 258, 261–62 (Pa. Super. Ct. 1994) (quoting *Bailey v. Lewis*, 763 F. Supp. 802, 805–08 (E.D. Pa. 1991)); *see also* PA. CONS. STAT. § 5533; *Lake v. Arnold*, 232 F.3d 360, 366–68 (3d Cir. 2000) (holding that, under Pennsylvania law, the plaintiff's mental disability and illiteracy were not sufficient bases upon which to find that plaintiff's untimely claims were timely); *Snider v. Pa. DOC*, 505 F. Supp. 3d 360, 437 (M.D. Pa. 2020) ("Mental illness is not a basis for equitable tolling under Pennsylvania law.").[3] Therefore, in this case, the Court finds that Mr. Simpson's untimely claims against the Medical Defendants cannot be construed as timely because of Mr. Simpson's intellectual disability or illiteracy. Further, even assuming without deciding that the COVID-19

---

[3] With respect to Pennsylvania's discovery rule, the Pennsylvania Supreme Court has more recently held that "'[w]hile reasonable diligence is an objective test, it is sufficiently flexible to take into account the differences between persons and their capacity to meet certain situations and the circumstances confronting them at the time in question.'" *Miller v. Phila. Geriatric Ctr.*, 463 F.3d 266, 276 (3d Cir. 2006) (quoting *Fine v. Checcio*, 870 A.2d 850, 858 (2005)). Critically, the Pennsylvania Supreme Court so held while describing the nature of a court's inquiry into "the ability of the damaged party, exercising reasonable diligence, *to ascertain that he has been injured and by what cause.*" *Fine*, 870 A.2d at 858 (emphasis added). In this case, Mr. Simpson states, in his Amended Complaint, that he was aware of the alleged nature and cause of his injuries at the hands of the Medical Defendants in January 2017, (ECF No. 28 at 1–6), meaning that he had until January 2019 to file his claims, regardless of his disability or illiteracy. Therefore, applying Pennsylvania's discovery rule to Mr. Simpson's claims, the Court finds that they are untimely.

pandemic is a basis upon which to toll the statute of limitations, Mr. Simpson's claims would still be untimely because the pandemic did not begin until 2020, (ECF No. 28 at 7), well after Pennsylvania's two-year statute of limitations ran in January 2019. Accordingly, the Court finds that Mr. Simpson's claims are untimely under Pennsylvania law.

At this point, the Court observes that "[w]hen the state tolling rules contradict federal law or policy, in certain limited circumstances [federal courts] can turn to federal tolling doctrine." *Lake*, 232 F.3d at 370. This rule, of course, offers Mr. Simpson no possibility of relief with respect to his Pennsylvania state law claims against the Medical Defendants. *Id.* at 368–72. However, this rule requires the Court to analyze whether federal law or policy contradict Pennsylvania's state tolling rules, thereby potentially making Mr. Simpson's federal law claims against the Medical Defendants timely. The Court now turns its attention to this issue.

### B. Federal Principles of Equitable Tolling Do Not Preserve Mr. Simpson's Federal Claims

"[M]ental incompetence is not per se a reason to toll the statute of limitations in federal actions.'" *Snider*, 505 F. Supp. 3d at 437–38 (quoting *Lake*, 232 F.3d at 371). However, the Third Circuit "permits equitable tolling for mental disability where 'plaintiff's mental incompetence motivated, to some degree, the injury that he sought to remedy.'" *Id.* (quoting *Lake*, 232 F.3d at 371); *see also Mote v. Murtin*, 816 F. App'x 635, 636 (3d Cir. 2020) ("To the extent [plaintiff] argues that his mental illness is a basis for equitable tolling, that argument is unavailing."). Here, the Court has no indication that Mr. Simpson's mental disability motivated the injury that he now seeks to remedy. (ECF Nos. 27, 28). Moreover, Mr. Simpson has proven his ability to advance his claims by filing his Amended Complaint and other documents in this action, albeit with the

apparent aid of a fellow inmate. (ECF No. 28 at 7). Finally, Mr. Simpson has provided the Court with minimal details regarding his mental disability, leaving the Court with little indication of its severity or nature. (ECF Nos. 27, 28, 31). Therefore, the Court finds that Mr. Simpson's mental disability is not a sufficient basis for equitable tolling under federal law. *Cf. Snider*, 505 F. Supp. 3d at 438 (holding that the plaintiff was not entitled to equitable tolling given "[(1) his] abilities to litigate through multiple cases in two federal district courts and [2] no finding of his mental incompetence").

Further, Mr. Simpson cites to no Third Circuit caselaw supporting the principle that illiteracy is a basis upon which to apply equitable tolling in the context of Section 1983 or ADA claims. (ECF No. 31). On the contrary, there is caselaw indicating that illiteracy may not constitute a sufficient basis upon which to apply equitable tolling. *Jones v. United States*, 366 F. App'x 436, 440 (3d Cir. 2010) (reading *Lake* as standing for the principle that the plaintiff's mental disability and illiteracy did not warrant equitable tolling); *Lake*, 232 F.3d at 366–72. Moreover, the Court reiterates that Mr. Simpson found a prisoner who prepared his complaint for him in March 2021, (ECF No. 28 at 7), and the Court notes that Mr. Simpson has apparently used that prisoner's help to submit a well-drafted and clear Amended Complaint, which indicates Mr. Simpson's ability to have his claims heard in some fashion in federal court. Therefore, the Court finds that Mr. Simpson's general allegations of illiteracy are an insufficient basis upon which to apply the "extraordinary" doctrine of equitable tolling in this case. *Santos*

*ex rel. Beato v. United States*, 559 F.3d 189, 197 (3d Cir. 2009) ("The remedy of equitable tolling is extraordinary, and we extend it only sparingly.") (internal quotation marks omitted).[4]

Accordingly, even if the COVID-19 pandemic constituted a basis upon which to apply equitable tolling to Mr. Simpson's federal law claims, the Court holds that those claims would still be untimely.

In sum, the Court finds that: (1) Pennsylvania's state tolling provisions apply to all of Mr. Simpson's claims against the Medical Defendants in this case, (2) Pennsylvania's state tolling provisions (and related rules) afford Mr. Simpson no relief from the operation of Pennsylvania's two-year statute of limitations, and (3) all of Mr. Simpson's claims against the Medical Defendants are therefore barred by that statute of limitations.

Accordingly, after *de novo* review of the record in this matter, including Mr. Simpson's Amended Complaint (ECF Nos. 27, 28), the Report and Recommendation (ECF No. 30), and Mr. Simpson's Objections to the Report and Recommendation (ECF No. 31), the Court finds that Mr. Simpson's Objections are without merit. Therefore, the following order is entered:

**AND NOW**, this 23rd day of May, 2023, **IT IS HEREBY ORDERED** that all of Plaintiff's claims against: (1) all sixteen Jane/John Doe Defendants; (2) W.L. Gore & Associates, Inc.; (3) Tyler Memorial Hospital; and (4) Geisinger Wyoming Valley Medical Center are

---

[4] Relatedly, "a plaintiff will not receive the benefit of equitable tolling unless [he] exercised due diligence in pursuing and preserving [his] claim. The principles of equitable tolling thus do not extend to garden-variety claims of excusable neglect." *Santos*, 550 F.3d at 197 (internal quotation marks and citations omitted). Here, outside of his assertion that he "attempted to seek assistance from other prisoners on his cellblock," (ECF No. 28 at 6), Mr. Simpson has provided the Court with very little detail regarding his efforts to find assistance in drafting a complaint between 2017 and 2021. (ECF Nos. 27, 28, 31). Therefore, the Court cannot find that he acted with "due diligence in pursuing and preserving [his] claim[s]" during that period in time.

**DISMISSED WITH PREJUDICE** for the reasons stated in the Report and Recommendation at ECF No. 30 and those outlined above. The Clerk shall terminate these Defendants from this case.

**IT IS FURTHER ORDERED** that all of Plaintiff's claims for monetary damages pursuant to the Pennsylvania State Constitution are **DISMISSED WITH PREJUDICE** for the reasons stated in the Report and Recommendation at ECF No. 30 and those outlined above.

**IT IS FURTHER ORDERED** that Plaintiff's federal constitutional claims based on his alleged denial of access to the courts, as well as his related claim under the Americans with Disabilities Act, as against Defendants Barry Smith, John Wetzel, Tom Wolf, and the Commonwealth of Pennsylvania are permitted to proceed at this time. The Court stresses that it allows these claims to proceed without prejudice to any of the remaining Defendants responding thereto in any manner permitted by the Federal Rules of Civil Procedure and the Local Civil Rules of this Court.

**IT IS FURTHER ORDERED** that the Court **ADOPTS** the Report and Recommendation at ECF No. 30 as the opinion of the Court.

BY THE COURT:

_____
**KIM R. GIBSON**
**UNITED STATES DISTRICT JUDGE**

**Notice to by U.S. Mail to:**

John Simpson
MQ-9395
SCI Houtzdale
P.O. Box 1000
209 Institution Drive
Houtzdale, PA 16698-1000